IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PAUL ALLEN NOBLE    )
    Plaintiff    )
        )    C.A. No. 08-267Erie
v.    )    District Judge McLaughlin
        )    Magistrate Judge Baxter
PAUL MANZI,    )
    Defendant.    )

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I     RECOMMENDATION**

It is respectfully recommended that this action should be dismissed as frivolous in accordance with 28 U.S.C. § 1915(e)(2)(B). Plaintiff's motion for leave to proceed in forma pauperis [document # 1] should be dismissed as moot.

**II     REPORT**

Plaintiff, an inmate presently incarcerated at the Erie County Prison in Erie, Pennsylvania, initiated this civil rights action, *pro se,* on September 29, 2008. Plaintiff claims that Defendant District Justice Paul Manzi violated his federal "right to have legal counsel and the right to file an appeal." Document # 1-2. Plaintiff alleges "Paul Manzi didn't give an attorney - didn't give me paperwork to file an appeal call me a liar - gave me a violation because Sue Mack gave me a 7th violation which he couldn't do." Id. As relief, Plaintiff seeks monetary relief in the amount of fifty thousand dollars and the reinstatement of his driver's license. Id.

On April 23, 1996, the Prison Litigation Reform Act (hereinafter, "Act"), Pub.L.No. 104-134, was enacted to amend 28 U.S.C. §1915, which establishes the criteria for allowing an action to proceed without payment of costs. Section 1915(e) states in relevant part: "The court shall dismiss the case at any time if the court determines that -- ...(B) the action or appeal -- (i) is

1

frivolous or malicious; (ii) fails to state a claim on which relief may be granted..." A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989). A plaintiff has failed to allege a section 1983 claim if the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). This Court has discretion to dismiss frivolous or malicious *in forma pauperis* complaints under 28 U.S.C. § 1915. Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989). The U.S. Supreme Court has instructed that section 1915 provides the Court with the authority "... to dismiss a claim based on an indisputably meritless theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). In fact, the statute not only empowers the court to screen out frivolous cases before the complaint is served, it actually encourages it. Roman v. Jeffes, 904 F.2d 192, 195-96 (3d Cir. 1990).

A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should be done so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991); Boag v. MacDougall, 454 U.S. 364 (1982); Haines. Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997).

Here, the only named Defendant is District Justice Paul Manzi. The law is clear that judicial officers are immune from damage suits arising out of their official duties. Stump v. Sparkman, 435 U.S. 349 (1978); Piskanin v. Hammer, 2005 WL 613644 (E.D.Pa., 2005) (applying judicial immunity to "district justice"). Judicial immunity is an "immunity from suit,

2

not just from an ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of authority...." Sparkman 435 U.S. at 356. Judicial immunity may be overcome only when: (i) the challenged actions were not taken in the judge's judicial capacity; or (ii) the challenged actions, "though judicial in nature, were taken in the complete absence of all jurisdiction." Mireles, 502 U.S. at 11-12. In this case, the challenged actions of Defendant Manzi were taken in his judicial capacity and were within his respective jurisdiction. Therefore, this case should be dismissed as frivolous.

### III.  CONCLUSION

For the foregoing reasons,.It is respectfully recommended that this action should be dismissed as frivolous in accordance with 28 U.S.C. § 1915(e)(2)(B). Plaintiff's motion for leave to proceed in forma pauperis [document # 1] should be dismissed as moot.

       S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

Dated: September 30, 2008